UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL THOMAS,

    Plaintiff

v.

LIGHTHOUSE OF OAKLAND
COUNTY, ET AL,

    Defendants
_____/

Case No: 12-15494
Hon. Victoria A. Roberts

## ORDER REGARDING PLAINTIFF'S OBJECTION AND DISCOVERY MATTERS

On May 8, 2015, the Court held a Status Conference by phone. Attending were Randall Thomas, *in pro per*, Thomas Noonan representing Lighthouse of Oakland and Kathleen Gatti representing the individual defendants.

Before the Court were the following matters:

**A.    Plaintiff's Objection (Doc. #76)**

Plaintiff filed an "Objection to Order Granting Motion of Plaintiff's Counsel to Withdraw and Den[y]ing Motion to Stay Proceeding Without a Hearing." The Court will treat this as a motion for reconsideration of the Court's Order dated April 21, 2015, allowing Plaintiff's counsel to withdraw, under Local Rule 7.1(h). For the reasons stated below, Plaintiff's Motion for reconsideration is **DENIED**.

**I.    STANDARD OF REVIEW**

A motion for reconsideration is decided under Local Rule 7.1(h)(3), which provides:

1

"Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been mislead but also show that correcting the defect will result in a different disposition of the case."

## II.   ANALYSIS

Plaintiff objects that the court did not hold a hearing on the motion to withdraw. However, there is no right to a hearing in a civil case. L.R. 7.1(f)(2). Also, the Court held extensive settlement discussions with the parties, including Plaintiff, on the date set for hearing - and the Court was able to obtain substantiation for the Motion to Withdraw. Plaintiff asks for a hearing so he can "get a[n] understanding of [his] complete file[.]" This is not the purpose of a hearing.

There is no right to counsel in a civil case. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In his Motion for reconsideration, Plaintiff suggests that unless someone reads material to him, he does not know what is going on in the case. While Plaintiff does have a reading disability, his filings and participation in Court proceedings belie his claim that he needs everything read to him. In addition, the Court has already stayed the case for a substantial amount of time in order to give Plaintiff the opportunity to obtain counsel; it declines to do so again.

### B.   Outstanding Depositions

Defendants request to take the deposition of Randall Thomas. Mr. Thomas must provide dates for his deposition by the close of business Friday, May 8, 2015.

Plaintiff requests to take the depositions of some, or all of the individual defendants. Ms. Gatti will contact her clients and provide deposition dates to the Plaintiff by the close of business Tuesday, May 11, 2015.

Once the depositions have been scheduled, parties are to notify the Court of the dates. The Court will make arrangements for the depositions to be taken at the Courthouse.

Any party who refuses to participate in discovery, or stalls in scheduling depositions, is subject to dismissal and/or sanctions.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 8, 2015

The undersigned certifies that a copy of this document was served on the attorneys of record and Randall Thomas by electronic means or U.S. Mail on May 8, 2015.

s/Linda Vertriest
Deputy Clerk