UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL THOMAS

    Plaintiff,                                             CASE NO.: 12-cv-15494

    v.                                                   HON. VICTORIA ROBERTS

LIGHTHOUSE OF OAKLAND,
LIGHTHOUSE COMMUNITY
DEVELOPMENT, GREG STERNS,
and JOHN ZIRALDO

    Defendants.

_____ /

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. #113)**

    **I.**       **INTRODUCTION**

On May 4, 2016, the Court entered an Order granting in part and denying in part Defendants' Motion for Summary Judgment. The Order granted Defendants' Motion for Summary Judgment except on Thomas' racial harassment claims against Lighthouse of Oakland ("LOO") and Lighthouse Community Development ("LCD") under Title VII of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act ("Elliott-Larsen").

On May 18, 2016, Thomas filed a Motion for Reconsideration asking the Court to reinstate his Elliott-Larsen claim against Defendant Greg Sterns ("Sterns").

Thomas' Motion for Reconsideration is **DENIED**.

1

## II. STANDARD OF REVIEW

Thomas seeks reconsideration under Local Rule 7.1(h)(3), which states:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

"It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to re-litigate issues already decided." *Id.* Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002).

## III. DISCUSSION

Thomas says his Elliott-Larsen claim against Sterns should proceed. He points to a provision of Elliott-Larsen, MCL 37.2103(g), which defines individuals and organizations covered under the act. Thomas directs the Court to MCL 37.2201(a) for the proposition that Sterns is an employer under Elliott-Larsen. Thomas also directs the Court to *Cotton v. Banks*, where the Michigan Court of Appeals found that a defendant could be individually liable for his alleged acts of harassment. 872 N.W.2d 1 (Mich. App. 2015). These arguments are moot and attempt to re-hash issues already decided.

Thomas says his First Amended Complaint sufficiently alleges an Elliott-Larsen racial harassment claim against Sterns. It does indeed. But, the Complaint that now controls this litigation is Thomas' Second Amended Complaint. That Complaint was submitted after a scheduling conference for the sole purpose of "clearing-up" which counts would be brought against which defendants. Sterns correctly points out in his response to Thomas' Motion for Reconsideration that in Thomas' Second Amended Complaint, Thomas does not include any mention of an Elliott-Larsen racial harassment claim against him.

The Court agrees that its May 4, 2016 Order does not explicitly grant or deny Sterns' Motion For Summary Judgment on Thomas' Elliott-Larsen harassment claims. The Order omitted such language because Thomas' alleged Elliott-Larsen claim against Sterns does not exist in his Second Amended Complaint and was considered abandoned.

Thomas' Second Amended Complaint governs this litigation. To reinstate Thomas' Elliott-Larsen claim against Sterns would be to re-litigate issues not only determined at Summary Judgment, but issues that were disposed of after discovery closed.

### IV.    CONCLUSION

Thomas' Motion For Reconsideration is **DENIED**.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 26, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 26, 2016.

s/Linda Vertriest
Deputy Clerk

4