UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL THOMAS,

    Plaintiff,

    v.

LIGHTHOUSE OF OAKLAND,
LIGHTHOUSE COMMUNITY
DEVELOPMENT, GREG STERNS,
and JOHN ZIRALDO,

    Defendants.

_____/

CASE NO.: 12-cv-15494
HON. VICTORIA ROBERTS

**ORDER DENYING MOTION FOR RECONSIDERATION (DOC. #114)**

**I.    INTRODUCTION**

On May 4, 2016, the Court entered an Order granting in part and denying in part Defendants' Motion for Summary Judgment. The Order granted Defendants' Motion for Summary Judgment but declined to dismiss his racial harassment claims against Lighthouse of Oakland ("LOO") and Lighthouse Community Development ("LCD") under Title VII of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act ("Elliott-Larsen"). LOO and LCD filed a Motion for Reconsideration asking the Court to dismiss Thomas' sole remaining claim against the organizations.

LOO's and LCD's Motion for Reconsideration is **DENIED**.

**II.    STANDARD OF REVIEW**

LOO and LCD seek reconsideration under Local Rule 7.1(h)(3), which states:

    Generally, and without restricting the court's discretion, the court will not

grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

"It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to re-litigate issues already decided." *Id.* Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002).

## III. DISCUSSION

The Court denied LOO's and LCD's Motion for Summary Judgment on Thomas' racial harassment claims; the Court found a material issue of fact exists whether Thomas faced harassment based on his race within the meanings of Title VII and Elliott-Larsen.

In their Motion for Reconsideration, LOO and LCD attempt to re-hash arguments used in their Motion for Summary Judgment: (1) that Thomas does not meet the *prima facie* threshold for a racial harassment claim, (2) that there are no disputed facts, and (3) that he does not sufficiently state claims for racial harassment against LOO and LCD.

The Court declines to revisit these arguments. "[A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to re-litigate issues already decided." *Maiberger*, 724 F. Supp. at 780.

Thomas' remaining claims are best suited for a jury determination. The Court also finds no significant error exists with regard to its May 4, 2016 Order permitting Thomas' Title VII and Elliott-Larsen racial harassment claims to proceed against LOO and LCD.

## III.    CONCLUSION

LOO and LCD's Motion for Reconsideration is **DENIED**. Thomas' racial harassment claims against LOO and LCD will proceed to trial.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 26, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 26, 2016.

s/Linda Vertriest
Deputy Clerk