UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL THOMAS,

    Plaintiff,

vs.

LIGHTHOUSE OF OAKLAND COUNTY, ET AL,

    Defendants.
_____/

Case No: 12-15494
Honorable Victoria A. Roberts

## **ORDER**

    Mr. Randall Thomas filed "Motion: Request for Reasonable Accommodations and Hearing for Response." ECF No. 123. Responsive briefing has been requested from the Defendants by July 11, 2016 and Plaintiff's reply brief is due July 18, 2016.

    In advance of receiving additional briefs, the Court investigated what its responsibility is to parties who request accommodation. First and foremost, the Judicial Conference of the United States adopted a policy requiring all federal courts to provide reasonable accommodations to participants in court proceedings who have communication difficulties. This must be done in accordance with the guidelines developed by the Administrative Office of the United States Courts. The guidelines were approved by the Judicial Conference in March, 1996. *See* Guide to Judiciary Policy, Vol. 5, Ch. §255, *Services to the Hearing Impaired and Others with Communication Disabilities*, http://jnet.ao.dcn/sites/default/files/pdf/Vol_5.pdf.

    In particular, courts:

1

> (a) . . . must provide sign language interpreters or other auxiliary aids and services to participants in federal court proceedings who are deaf, hearing-impaired or have communication disabilities and may provide these services to spectators when the court deems appropriate (JCUS-SEP 95, p. 75). This policy provides for services in addition to those required by the Court Interpreters Act (28 U.S.C. § 1827).
>
> (b) . . . should honor a participant's choice of auxiliary aid or service, unless it can show that another equally effective means of communication is available, or that use of the means chosen would result in a fundamental change in the nature of the court proceeding or an undue financial or administrative burden.

§255.10

This is what the Court is prepared to do to assist Mr. Thomas:

(1) Options regarding use of a computer:

> A. A laptop/desktop can be made available in the courthouse in a public space accessible to Mr. Thomas.
>
> The computer would be capable of accessing PACER;
>
> The computer would have software that can read PDF documents;
>
> Headphones would be provided.

or,

> B. A laptop can be loaned to Mr. Thomas for the duration of his case.
>
> The laptop would have the same capabilities, as the public laptop. However, Mr. Thomas would have to use his own internet connection or a publicly available internet connection at a library or another location such as a coffee shop which offers free WiFi.

For either option, Mr. Thomas would be trained by court staff to access and use PACER and the PDF reader software. These accommodations could be in place by July 13, 2016.

2

(1) Options for trial:

The Court is permitted to provide a personal assistant throughout trial who would provide reading services to Mr. Thomas at no cost to him.

The Court can require the Defendant to give Mr. Thomas trial exhibits to review before trial.

A laptop as described in (1) above could be made available in or near the courtroom during trial.

(2) General:

Mr. Thomas can be provided assistance in establishing a PACER account and given instruction regarding basic navigation, selection of documents and access to PDF reading software.

Existing case documents can be pre-loaded to a laptop for ease of access and use of the PDF reading software.

Dave Weaver, the Court Administrator, will contact Michigan Dyslexia Institute, Inc. to obtain general information regarding providing accommodations for dyslexia. MDI's website:  http://www.dyslexia.net/MDIFacts.html

Mr. Thomas has one other current case in the Eastern District of Michigan, *Thomas v. Ferndale, City of, et al*, No. 16-10811 (E.D. Mich. 2016), assigned to Judge Tarnow.  There is a pending motion for accommodation in that case.

Mr. Thomas also requests a ". . . reader, typist, writer, etc., to assist me in my endeavors in this courthouse.  I need an accommodator [sic] that I can articulate my thoughts to, and they can write or type my motion or read motions or evidence to me in correct grammatical grammar in the reading or writing of anything that I bring to this case. . . ."  ECF No. 123, ¶ 2.

In *Brock v Hendershott*, 840 F. 2d 339, 342 (6th Cir., 1988), the Sixth Circuit addressed whether *pro se* defendants were entitled to special treatment to object to the government's motion for summary judgment.  The defendants failed to respond to a magistrate's order that relied on the government's version of pertinent facts; Defendants mistakenly thought an earlier challenge they made to a government motion was

sufficient to defeat the government's more recent motion.  *Id.* at 343.  The Court relied on a Ninth Circuit case to conclude:

> . . . [N]o special treatment [is] to be afforded ordinary civil litigants who proceed *pro se*.  The court [reaches] this conclusion out of a sense of fairness to other parties who choose counsel and must bear the risk of their attorney's mistakes . . . [w]hen a person such as either defendant in this case chooses to represent himself he should expect no special treatment which prefers him over others who are represented by attorneys. . . . [t]he application of the law must be equal, even for those who have no attorney.

*Id. (*citing *Wolfel v United States*, 711 F.2d 66, 67 (6th Cir. 1983)).  *See also*, *Jacobsen v. Filler*, 790 F.2d 1362 (9th Cir. 1986).

While *Brock* can be distinguished because defendants there never sought representation, the guiding principle to be gleaned from it and other pertinent cases is that only prisoners who sometimes have no choice but to proceed without counsel, should be afforded some special treatment.  Mr. Thomas filed this case on his own, had pro bono counsel appointed to represent him who withdrew, and then hired his own lawyers, who also withdrew because of a breakdown in their relationship with Mr. Thomas.  According to these attorneys, only a small part of that breakdown was that Mr. Thomas demanded that they read all court filings to him.  Nonetheless, without the benefit of counsel and with his disability, Mr. Thomas continues to respond to court filings and file papers on his own.  The Court also notes that Mr. Thomas' complete inability to read has only come to the attention of the Court in the last few months.  This case was filed in 2012.  The Court declines to prefer Mr. Thomas over other litigants.  *Brock,* 840 F.2d at 343.

The Court is not prepared to honor this final request made by Mr. Thomas, and finds that its obligation to accommodate Mr. Thomas in court proceedings does not extend to the provision of someone to prepare or type his motions for filing.

4

Finally, the Court requested information from Mr. Thomas on July 1, 2016 to assist it in its duty to accommodate him. To date, Mr. Thomas has not provided the requested information. The Court's Case Manager, Carol Pinegar, left the following message for Mr. Thomas:

> This message is for Randall Thomas. This is Carol from Judge Roberts' chambers. Please give me a call at 313-234-5230. Judge Roberts is working on your motion for an accommodation and she has some questions. We need to know what other cases you have pending in other courts and what accommodations you have received and a couple other questions. So, please give me a call. Thank you.

The Court needs to hear from Mr. Thomas immediately to know what Option he wants to exercise to review documents now.

The Court may supplement this Order after briefing is completed.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: 7/6/16July 6, 2016

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Randall Thomas by electronic means or U.S. Mail on July 6, 2016.

s/Linda Vertriest
Deputy Clerk

---

5