UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL THOMAS,

    Plaintiff,

v.

LIGHTHOUSE OF OAKLAND
COUNTY, et al.,

    Defendants.
_____/

Case No. 12-15494
Honorable Victoria A. Roberts

**ORDER DENYING PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT (DOC. # 136)**

On July 27, 2016, the Court entered an order granting Thomas Noonan's request to withdraw as counsel for Lighthouse of Oakland County and Lighthouse Community Development ("Defendants") and requiring Defendants to have replacement counsel file an appearance by August 10, 2016. (Doc. # 135). Defendants' new counsel did not file an appearance until August 19, 2016. (Docs. # 137, 138). On August 17, 2016, Plaintiff moved for entry of default judgment based on Defendants' failure to retain new counsel and the prohibition against corporations appearing without legal representation. (Doc. # 136). This motion is before the Court.

Plaintiff is correct that corporations must be represented by counsel in federal court and that default judgment is appropriate where a corporate defendant fails to obtain counsel. *See State Farm Mut. Auto. Ins. Co. v. Edward L. Johnson, P.C.*, No. 11-13819, 2013 WL 2456006, at *5 (E.D. Mich. June 6, 2013). Here, however, default judgment under Fed. R. Civ. P. 55(b) is not appropriate, because "it was procedurally improper for Plaintiff to move for entry of default judgment without first obtaining an entry of default from the clerk [under Rule 55(a)]." *Devlin v. Kalm*, 493 Fed. Appx. 678,

685 (6th Cir. 2012) (citing *Heard v. Caruso*, 351 Fed. Appx. 1, at *15-*16 (6th Cir. 2009) (holding that because plaintiff "did not first seek entry of a default from the clerk of the court, it was procedurally improper for [him] to move for entry of a default judgment"); *Shepard Claims Serv., Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986) ("entry of default is just the first procedural step on the road to obtaining a default judgment")).

Construing Plaintiff's *pro se* motion liberally as a request for an entry of default under Rule 55(a) does not change the result. Rule 55(a) requires the clerk to enter default against a defendant that "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Here, the Court required Defendants' new counsel to appear by August 10, 2016, but they did not appear until August 19. During those nine days, a clerk's entry of default may have been appropriate. However, a default or default judgment is inappropriate at this time; Defendants now have counsel and they are defending the action.

Furthermore, even if there were an entry of default under Rule 55(a), the Court would set it aside for "good cause" under Rule 55(c), applying the three-factor test set forth in *United Coin Meter Co. v. Seaboard Coastline Railroad*, 705 F.2d 839, 845 (6th Cir. 1983). In determining whether to set aside an entry of default, the Court must consider: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *Id.*; *Devlin*, 493 Fed. Appx. at 685. Conduct is culpable where it displays "either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv.*, 796 F.2d at 194.

2

Here, each factor would weigh in favor of setting aside an entry of default. Defendants' nine-day delay in obtaining new counsel did not prejudice Plaintiff, because they are still prepared to proceed to trial on December 5, 2016, as scheduled. (*See* Doc. #141, PgID 1937). Defendants have meritorious defenses. And last, the delay was not due to Defendants' culpable conduct; replacement counsel was necessary based on prior counsel's unexpected illness – an exceptional circumstance outside Defendants' control – and new counsel did not appear by the August 10 deadline due to a miscommunication with prior counsel. (*See* Doc. #141-3, PgID 1952). This is far from conduct displaying either an intent to thwart judicial proceedings or reckless disregard for the effect on proceedings. *See Shepard Claims Serv.*, 796 F.2d at 195 ("A default judgment deprives the client of his day in court, and should not be used as a vehicle for disciplining attorneys."). Default and/or default judgment is inappropriate.

Accordingly, the Court **DENIES** Plaintiff's motion for entry of default judgment (Doc. # 136).

The Court will issue a separate Scheduling Order and Order Regarding Joint Final Pretrial Order.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 6, 2016

> The undersigned certifies that a copy of this document was served on the attorneys of record and Randall Thomas by electronic means or U.S. Mail on October 6, 2016.
>
> s/Linda Vertriest
> Deputy Clerk