UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL THOMAS,

    Plaintiff,

v.

LIGHTHOUSE OF OAKLAND
COUNTY, et al.,

    Defendants.
_____/

Case No. 12-15494
Honorable Victoria A. Roberts

**ORDER: (1) DENYING PLAINTIFF'S MOTION FOR
TEMPORARY STAY (DOC. 146); (2) REQUIRING PLAINTIFF'S
COMPLIANCE WITH COURT'S ORDER REGARDING JOINT PRETRIAL
ORDER; AND (3) PUTTING PLAINTIFF ON NOTICE OF POSSIBLE SANCTIONS**

This matter is set for a jury trial to begin December 5, 2016. On November 4, 2016, *pro se* Plaintiff Randall Thomas moved to stay this case until January 19, 2017, due to his health. Because Thomas fails to show good cause for a continuance and the Court is certain that, despite his health conditions, he will be able to adequately litigate his case and protect his interests at trial, the motion for temporary stay is **DENIED**.

Local Rule 40.2 provides: "Counsel or any party without counsel shall be prepared and present themselves as ready in all cases set for trial or for pretrial on the date set unless, on timely application and good cause shown, the cases are continued. Where application is made for the continuance of the trial of a case, such application shall be made to the Court as soon as the need arises." E.D. Mich. LR 40.2.

Thomas attaches two doctor's notes to his motion: (1) a September 20, 2016 doctor's note stating that Thomas is incapacitated and unable to perform work or school from September 19 to November 19, 2016; and (2) a November 1, 2016 doctor's note

stating he is incapacitated and unable to perform work or school from November 19, 2016 to January 29, 2017. The medical records supporting these notes demonstrate Thomas has optic neuropathy and decreased vision of his right eye; knee, back, and wrist pain; and prostate cancer. However, based on these records and other records he submitted, Thomas's conditions have been ongoing since at least August 2016; for example, a May 11, 2015, medical note states that Thomas had optic neuropathy of both eyes, with 50% vision loss in his right eye. In fact, he previously moved for, and obtained, reasonable accommodations based on his conditions. The Court has agreed to provide reasonable accommodations during trial.

Despite his health conditions, Thomas has actively prosecuted his case. Since his counsel withdrew in June 2016, Thomas has filed a request for accommodations (Doc. 123); objections to an order (Doc. 128); a grievance against each of his four prior attorneys in this case (Doc. 128, PgID 1844-47); a motion to require Defendants' prior counsel to recuse himself (Doc. 133), followed by a motion for default judgment in which he says the Court order granting defense counsel's motion to withdraw prejudiced him (Doc. 136); an addendum to his request for accommodations (Doc. 140); and a reply to Defendants' response to his motion for default judgment (Doc. 142).

Because Thomas does not show any material change regarding his pre-existing conditions, and it is clear that he is capable of proceeding to trial without a risk of negatively affecting his interests, he fails to show that good cause exists for a continuance, as required by LR 40.2. Moreover, even if his conditions constituted good cause, the fact that they have been ongoing since before August 2016 makes Thomas's motion for temporary stay untimely. *See* E.D. Mich. LR 40.2 ("Where application is

made for the continuance of the trial of a case, such application shall be made to the Court as soon as the need arises.").

Because good cause for a continuance does not exist and Thomas's request was untimely, the Court **DENIES** his motion for temporary stay (Doc. 146). This case will proceed to a jury trial on December 5, 2016.

On a related note, Thomas failed to comply with this Court's October 6 order requiring the parties to submit a joint pretrial order by November 14, 2016. Defense counsel submitted a declaration stating that he attempted to work with Thomas to complete the joint order, but Thomas would not comply; and that on November 11, 2016, he hand-delivered a final pretrial order to Thomas with all Defendants' portions completed, but Thomas still did not complete his portions of the order.

Thomas **must** complete his portions of the joint pretrial order, in accordance with the Court's November 6 order, and deliver a copy to Defendants' counsel by **12:00 p.m.** on **November 22, 2016**. Defendants must then finalize the joint pretrial order and submit it to the Court by **12:00 p.m.** on **November 28, 2016**.

**The Court puts Thomas on notice that failure to comply with this order may result in sanctions, up to and including dismissal of his case.** *See* E.D. Mich. LR 16.2(c) ("For failure to cooperate in preparing or submitting the joint final pretrial order or failure to comply strictly with the terms of the joint final pretrial order, the Court may dismiss claims, enter default judgment, refuse to permit witnesses to testify or to admit exhibits, assess costs and expenses, including attorney fees, or impose other appropriate sanctions."). *See also* Fed. R. Civ. P. 16(f)(1)(C) (the court may impose sanctions, "including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to

obey a scheduling or other pretrial order"); Fed. R. Civ. P. 37 (the available sanctions under Rule 37(a)(2)(A) include "(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" and "(v) dismissing the action or proceeding in whole or in part").

**If this matter gets to trial, Thomas may only present evidence that he has identified and included in the joint pretrial order; the Court will preclude Thomas from calling witnesses or introducing exhibits not specifically identified in the joint pretrial order.**  *See* E.D. Mich. LR 16.2(b)(8) ("Only listed witnesses will be permitted to testify at trial, except for rebuttal witnesses whose testimony could not be reasonably anticipated before trial, or except for good cause shown."); E.D. Mich. LR 16.2(b)(9) ("Only listed exhibits will be considered for admission at trial, except for rebuttal exhibits which could not be reasonably anticipated before trial, or except for good cause shown.").

**Additionally, Thomas must set forth any objections to Defendants' exhibits in the joint pretrial order.**  E.D. Mich. LR 16.2(b)(8) ("Objections to listed exhibits must be stated in the joint pretrial order.").

**IT IS ORDERED**.

S/Victoria A. Roberts<br>United States District Judge

Dated: 11/15/2016