UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Randall Thomas,

                Plaintiff,        Case No. 12-cv-15494

v.                                    Judith E. Levy
                                       United States District Judge

Lighthouse of Oakland County,
Lighthouse Community
Development, Greg Sterns, and
John Ziraldo,

                Defendant(s).

_____/

**AMENDED ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION [160] AND DENYING PLAINTIFF'S
MOTION TO EXTEND HIS POSSESSION OF THE COURT'S
<u>LAPTOP [180]</u>**

This case is before the Court on plaintiff's motion for reconsideration (Dkt. 160) and motion to extend the time for which he can possess the Court's laptop. (Dkt. 180.) For the reasons set forth below, plaintiff's motion for reconsideration is DENIED and plaintiff's motion to extend the time for which he can possess the Court's laptop is DENIED AS MOOT.

I.   **Background**

On November 22, 2016, Judge Roberts issued an order dismissing plaintiff's claims. (Dkt. 154.) Judge Roberts issued that order after plaintiff failed to participate in preparing the joint final pretrial order ("JFPO"), as required by Local Rule 16.2. (*Id.*) The JFPO was originally due to the Court on November 14, 2016, but plaintiff failed to comply with that deadline while moving to stay the trial date. (Dkt. 151.) Judge Roberts denied plaintiff's motion to stay and exercised her discretion to give plaintiff until 12:00 p.m. on November 22, 2016 to submit his portions of the JFPO to defendants. (*Id.*) In doing so, Judge Roberts explicitly noted that "**[t]he Court puts Thomas on notice that failure to comply with this order may result in sanctions, up to and including dismissal of his case.**" (*Id.* at 3 (bolding in original).) Plaintiff failed to submit his portion of the JFPO to defendants by the November 22 deadline, and defendants moved that same day to dismiss plaintiff's case. (Dkt. 153.) Judge Roberts granted defendants' motion later in the day and closed the case. (Dkt. 154.)

At some point on November 22, after Judge Roberts issued a 4:53 p.m. order dismissing plaintiff's claims (*id.*), plaintiff submitted his

portion of the pretrial order to the docket (dkt. 155), but did not provide it to defendants by noon of that day. (Dkt. 153-1.) While that document contains some elements of a final pretrial order, such as a witness list and a statement of plaintiff's claims, it includes vast amounts of information not appropriately included in a JFPO. For example, the document makes reference to plaintiff's previously dismissed FMLA claims (*id.* at 6), a grant of summary judgment in favor of now dismissed former defendant Ziraldo (*id.* at 10), dismissed ADA claims (*id.* at 15-16), and witnesses not relevant to the remaining claims, among others. (*Id.* at 25.) Plaintiff's submission also fails to "itemize all claimed damages" and instead includes a verdict form that reads "Lighthouse guilty on all charges award plaintiff all damages in amount of 5 million dollars." (*Id.* at 40.) As such, in addition to being untimely and submitted to the Court rather than to defendants, plaintiff's submission does not reasonably meet the requirements for a JFPO.

Plaintiff filed this motion for reconsideration on December 6, 2016. Judge Roberts disqualified herself and transferred the case to the undersigned on December 19, 2016. In the interim, plaintiff has possessed a laptop owned by the Eastern District of Michigan, pursuant

to Judge Roberts' July 6, 2016 order granting him a disability accommodation. (Dkt. 125.) On September 12, 2017, the Court ordered plaintiff to return the laptop while the Court continued its search for a pro bono attorney willing to assist plaintiff in filing a reply to the motion for reconsideration. (Dkt. 179.) Plaintiff responded to that order with a request for an extension of the time he has to keep the Court's laptop. (Dkt. 180.) Despite a long and thorough search, there was no response to the Court's request for an attorney to accept a pro bono assignment on this matter. Having reviewed the submissions on this motion, the Court determines that no further briefing is warranted or permitted, and turns now to rule on the motion for reconsideration.

**II. Analysis**

*A. Motion for Reconsideration*

To prevail on a motion for reconsideration under Local Rule 7.1, a movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest

4

or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Fed. R. Civ. P. 59(e). *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006). Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). And "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007).

Here, plaintiff fails to identify any "palpable defect" that "will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). Plaintiff's claims were dismissed for failure to comply with deadlines, and his motion does not provide the Court with any new information regarding this failure to comply. Instead, plaintiff seeks to relitigate the effect of his various medical conditions on his ability to participate in litigation. (Dkt. 146.) Judge Roberts already noted that "[d]espite his health conditions, Thomas has actively prosecuted his case" when

she denied his motion for a stay of trial. (Dkt. 142.) The medical conditions that plaintiff cites in this motion as reason for missing the Court's deadlines are the same as those he cited in favor of staying the trial date. (*Compare* Dkt. 142 *with* Dkt. 146.) As this motion "present[s] the same issues [already] ruled upon by the court" and identifies no defect in the Court's prior ruling, plaintiff's motion for reconsideration is denied. *See* E.D. Mich. LR 7.1(h)(3).

Additionally, although "*pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Deadlines are a procedural requirement "that a layperson can comprehend as easily as a lawyer." *See id.* Plaintiff missed the initial deadline for submitting his portion of the JFPO, and was explicitly on notice "that failure to comply with this order [setting new deadlines] may result in sanctions, up to and including dismissal of his case." (Dkt. 151 at 3 (emphasis removed)); *see* E.D. Mich. LR 16.2(c) ("For failure to cooperate in preparing or submitting the joint final

pretrial order or failure to comply strictly with the terms of the joint final pretrial order, the Court may dismiss claims, enter default judgment, refuse to permit witnesses to testify or to admit exhibits, assess costs and expenses, including attorney fees, or impose other appropriate sanctions."). When plaintiff failed to meet the new deadline, the Court exercised its discretion pursuant to the local and federal rules to dismiss the case. *See id.*; Fed. R. Civ. P. 16(f)(1)(C) (the court may impose sanctions, "including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order"); Fed. R. Civ. P. 37 (the available sanctions under Rule 37(a)(2)(A) include "(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" and "(v) dismissing the action or proceeding in whole or in part").

What is more, plaintiff failed to meet these deadlines despite defendant's attempts to contact him and ensure that he would submit his portion of the JFPO on time. (Dkt. 149 (declaration of defendant's counsel detailing his communications with plaintiff about the JFPO).) Defendant also provided its portion of the JFPO to plaintiff within the

timeframe set by the Court, giving plaintiff ample opportunity to fulfill his obligations. (*Id.* at 2.)

Accordingly, plaintiff's motion for reconsideration is denied.

*B. Motion to Extend the Time for which Plaintiff May Possess the Court's Laptop*

In her order granting plaintiff's request for an accommodation, Judge Roberts allowed plaintiff to use and possess a court issued laptop "for the duration of his case." (Dkt. 125 at 2.) By denying plaintiff's motion for reconsideration today, the Court fully and completely closes plaintiff's district court case. As such, the "duration of his case" has ended, and the laptop must be returned to the Court. Plaintiff's motion is denied as moot because plaintiff's need for a disability accommodation was tied to his need to litigate this case. As of today, plaintiff's case can no longer be litigated in the district court, and he is ordered to return the laptop to the Court by Monday, December 11, 2017 at 4:30 p.m.

*C. Conclusion*

For the reasons set forth above, plaintiff's motion for reconsideration is DENIED, and plaintiff's motion to extend the time for which he can possess the Court's laptop is DENIED AS MOOT, and

8

plaintiff is hereby ORDERED to return the laptop to Joshua Matta in the Information Technology Department located at 231 W. Lafayette Boulevard, Room 128, Detroit, MI 48226, by Monday, December 11, 2017 at 4:30 p.m.

IT IS SO ORDERED.

Dated: December 1, 2017      s/Judith E. Levy
   Ann Arbor, Michigan     JUDITH E. LEVY
                                               United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 1, 2017.

                                              s/Shawna Burns
                                              SHAWNA BURNS
                                              Case Manager